THAYER (POTTER v.). See Case No. 11,-340.

## Case No. 13,871.

### THAYER et al. v. WALES et al.

[9 Blatchf. 170; 5 Fish. Pat. Cas. 130.][1]

Circuit Court, E. D. New York. Oct. 9, 1871.

PATENTS—EQUIVALENTS—PRELIMINARY INJUNCTION —SERVICE—IRREGULARITY—MACHINE FOR MAKING CANDLES.

1. The first claim of the letters patent granted to John Stainthorp, March 6, 1855, for an "improvement in machines for making candles," namely, "the employment of the pistons, D, D, formed at their upper ends into moulds for the tips of the candles, in combination with stationary candle-moulds, to throw out the candles in a vertical direction, substantially as herein set forth," is infringed by a machine in which the piston has a flat end, and moulds a candle with a flat end, instead of a convex tip, provided the piston is used in combination with the stationary mould, to throw out the candle in a vertical direction, as described in the specification.

2. The said letters patent are valid.

3. A preliminary injunction granted against a clear infringement, there having been repeated adjudications sustaining the patent.

4. An irregularity in the service on a defendant of the subpœra in a suit in equity, affords no reason for withholding an injunction against him, if he has had notice of the motion for the injunction, and appears to oppose it.

[This was a bill in equity by Edward S. Thayer and others against Joseph Wales and James M. Dietz.]

[Motion for preliminary injunction. Suit brought upon letters patent [No. 12,492] for an "improvement in machines for making candles," granted to John Stainthorp, March 6, 1855, extended for seven years from March 6, 1869, and assigned to complainants. The first claim of the patent, which was the only one in controversy, will be found in the opinion of the court.

[In the Stainthorp machine, as represented below, the hollow rods or pistons marked D, D, D, are formed at their upper ends into molds (shown in dotted lines at E, E, E) for the tips of the candles, the bodies of which are cast in the molds, C, C, C. The rods or pistons are raised by suitable mechanism, so as to force the candles from the molds when the casting is completed.][2]

Miles B. Andrus and Causten Browne, for complainants.

Abbett & Fuller, for defendants.

BENEDICT, District Judge. This case comes before me upon a motion, on the part of the complainants, for a preliminary injunction, to restrain the defendants from

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 9 Blatchf. 170, and the statement is from 5 Fish. Pat. Cas. 130.]

[2] [From 5 Fish. Pat. Cas. 130.]

using a machine, in the making of candles, within this district, upon the ground that it is an infringement upon a patent granted to John Stainthorp, March 6, 1855, for an "improvement in machines for making candles," and owned by the complainants. The motion is founded upon the bill and affidavits, and is opposed by affidavits on the part of the defendants.

The first issue raised is as to the infringement charged. There appears to be no dispute in regard to the description of machine which the defendants are using, but it is contended that such a machine is not covered by the claim in the Stainthorp patent.

The Stainthorp patent contains two claims, of which the first is the only one in controversy here. That claim is as follows: "What I claim as new, and desire to secure by letters patent, is: (1) The employment of the pistons, D, D, formed at their upper ends into moulds for the tips of the candles, in combination with stationary candle-moulds, to throw out the candles in a vertical direction, substantially as herein set forth." This claim, the defendants insist, does not cover the defendants' machine, because, in the defendants' machine, the piston is flat, and moulds a candle with a flat end, instead of a convex tip, whereas, as they claim, a tip-mould is a substantial feature in the Stainthorp patent, and a necessary element of the combination secured by that patent. I am unable to sustain this construction of the Stainthorp patent. The object sought to be attained by the Stainthorp invention was the safe removal of the candle from the mould in which it is formed, and, by the same operation, a proper adjustment of the wick for a new candle. This is accomplished by constructing a stationary upright mould, which, instead of having a fixed bottom, has a movable bottom, arranged to work, by means of a piston-rod, as a piston in the mould, and having a centre aperture in the piston, through which the wick can pass, enabling the candle to be forced up by the movable bottom, and safely delivered from the upper end of the mould, while the wick is, at the same time, drawn through the mould ready for the next candle.

The first claim set forth in the patent is for the employment of the piston in combination with the stationary mould, to throw out the candle in a vertical direction, as described. I find nothing in the specification or claim to warrant the opinion, that the shape of the piston was therein mentioned for the purpose of claiming any particular shape of piston, as part of the invention. The form of piston mentioned is not necessary to accomplish the result sought to be attained; and the mode of operation of the machine remains unchanged, whether the candle be moulded with a concave, or a convex, or a flat end. Candles are made with ends of various forms, and every form of end may be moulded by a piston shaped to such form. The form of the candle was not what the Stainthorp invention looked to. It sought to deliver in a safe and cheap way candles of every form; and, the method having been described in the patent, it required no invention to alter the form of the piston to a plane surface, nor did any change in the principle of the machine follow such alteration. No advantage is shown to have been gained by such alteration, and no reason for it has been suggested. It appears to me to have been made with the expectation of raising a distinction between the machines, which should, in effect, enable the defendants to use the Stainthorp invention without compensation, and for that purpose alone. But the alteration is merely colorable, and creates no substantial change. The defendants' machine must, therefore, be held to be, in substance, similar to the Stainthorp machine, in the features now in question, and its use an infringement of that patent.

It is further contended, that the invention claimed by the Stainthorp patent was previously known and described; and what is known as the Morgan machine is referred to as showing this. But the Stainthorp patent is not recent, and has been repeatedly adjudicated upon and sustained; and, in more than one instance, the Morgan machine was proved and held not sufficient to invalidate the patent. Stainthorp v. Elkinton [Case No. 13,278]; Stainthorp v. Hamiston [Id. 13,-279]. Repeated adjudications in favor of this patent entitle the complainants to the relief of a preliminary injunction against what seems to me to be a clear infringement.

Some preliminary objections to this motion were taken on behalf of the defendants, only one of which I think it necessary to mention here. An objection is taken by the defendant Dietz, to the granting of any injunction against him, upon the ground of a supposed irregularity in the service of the subpoena, as to which it appears sufficient to say, that such irregularity, if it exist, affords no reason for withholding an injunction against a defendant who has notice of the motion and appears to oppose it.

Let a preliminary injunction be issued, according to the prayer of the bill, against both of the defendants.

[For other cases involving this patent, see Cases No. 13,281 and 13,872.]